## McCAULEY v. WHITRIDGE.

(Supreme Court, Appellate Division, Second Department. January 7, 1916.)

1. STREET RAILROADS &⟶98—PERSONAL INJURIES—CONTRIBUTORY NEGLIGENCE.

   Where at a crossing street cars converged so that they were very close together and plaintiff, although he could see the cars approaching, and that they would meet at the narrow point, pursued his course toward the restricted place and was caught between them, he was guilty of negligence, and cannot recover.

   [Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 204–208; Dec. Dig. &⟶98.]

2. STREET RAILROADS &⟶118—PERSONAL INJURIES—INSTRUCTIONS.

   In an action by plaintiff injured between two street cars which, coming from separate directions, converged and caught him, it was plaintiff's contention that he was prevented from going forward by one car and was standing on the tracks on which the other came, and that in his excitement he jumped into the space between the tracks. The second car, which came very swiftly, gave no warning and had been standing still when a few seconds before plaintiff looked. Held, that an instruction, declaring that if plaintiff stood on the track waiting for the other car to approach and did not look out for the second car for a period of eight seconds, he was guilty of negligence, as a matter of law was erroneous; for plaintiff had a right to assume, under the circumstances, that the

street car operator would look out for his safety; his progress being arrested by another car.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 258–269; Dec. Dig. ☞118.]

Appeal from Trial Term, Kings County.

Action by William A. McCauley against Frederick W. Whitridge, as receiver of the Dry Dock, East Broadway & Battery Railroad Company. From a judgment for defendant and an order denying new trial, plaintiff appeals. Reversed and remanded.

Argued before JENKS, P. J., and THOMAS, CARR, MILLS, and RICH, JJ.

Paul Grout, of New York City (Charles B. La Voe, of New York City, on the brief), for appellant.

Frederick J. Moses, of New York City, for respondent.

THOMAS, J. [1] Plaintiff was between two trolley cars, one south-bound, and one north-bound, on Park Row, in the borough of Manhattan. The plaintiff's evidence tends to show that he started to cross the street towards the post office building; the defendant's evidence is to the effect that he was going in the opposite direction. At the time of the injury his location is undoubted. He was moving westerly between the cars; that is, towards the downtown terminal. The uptown car was on the extreme right-hand or southerly side of the street; the downtown car was crossing obliquely from the opposite side of the street to reach a track adjoining the uptown track. The result was that the downtown car was on a course at first converging to the other, but later diverging from it. Just at the instant of divergence, the plaintiff was between the two cars, and the rear of the downtown car swinging touched him, so that he was buffeted between the two cars. The space for a distance between the two tracks contracted towards the terminal. It was into that place that plaintiff put himself; thereupon he stepped or walked towards the narrowing space between the cars. Had he walked in the opposite direction, he would have approached a broadening interval between the tracks and have had more, and probably sufficient, room to escape contact with them. The defendant, by its employés, Proctor, the dispatcher, and Hennessy, furnished evidence that the plaintiff came from the direction of the post office, passed in front of the south-bound car, stopped to let the north-bound car pass him, but while yet between the two walked by the side of, and along the course of, the south-bound car, until he was caught in the more constricted space. If the jury adopted that evidence, the plaintiff should not recover, and the court properly so charged the jury. For, in that case, the plaintiff passed in front of the south-bound car; faced the north-bound car; knew that the courses were converging; knew that the end of the car would swing towards him; and yet, without compulsion, walked towards the most restricted and dangerous space. I am unable to discover any excuse or explanation for such deliberate choice of a direction that led towards danger when the opposite direction, or indeed the place where he stood, proffered relative safety. The plaintiff does not attempt, from the stand-

point of the defendant's evidence, to explain why he walked towards the lessening space, inasmuch as he disclaims the history as defendant gives it. Plaintiff's testimony is that he was not between the tracks because he voluntarily put himself there, but because defendant's north-bound car, approaching with negligent disregard of his safety, drove him into the space, and that in the emergency he stepped towards the most contracted space rather than from it. He states that he started to cross the street and, while on the north-bound track, saw the south-bound car suddenly take a course towards him, that thereby he was compelled to abide on the north-bound track until the interposing car cleared him, and that, while standing on the inner rail, he looked to his left hand and saw the north-bound car some three feet away, moving at a rapid rate, and that, to avoid it, he "had to give a jump," and that while there was nothing to prevent his going in the other direction, yet in bewilderment he took a step towards the place of lesser safety. The jury has decided in favor of the defendant. Whether it did so by finding that the plaintiff was crossing from the side of the post office, or that in any case the defendant was not negligent, or that the defendant's negligence contributed to the accident, cannot be known. But the appellant urges that certain requests were erroneously charged.

[2] The plaintiff testified that pending the passage of the south-bound car he stood on the inside rail of the north-bound track for eight seconds. The court charged as applicable to the case the general rule that a man, standing on a railroad track, on which he knows cars are operated, is bound to exercise his senses to determine whether or not, and when, a car will approach on that track; that if plaintiff stood for eight seconds on the north-bound track, knowing that there was a car upon that track which might move at any time and come to the place where he was, he was bound to be vigilant to see whether or not that car was approaching him; and that if he failed to do so, he was guilty of negligence, and the verdict must be for the defendant. The jury was not left to decide whether for the eight seconds in question the plaintiff was bound to be vigilant, that is, watchful whether the uptown car was approaching, or whether his failure earlier to notice its proximity was negligent, but it was decided as a matter of law that the plaintiff, detained for eight seconds on the inner rail by a car moving across his way and intercepting his progress, was meantime required to be attentive to the whereabouts of the other car, and his failure in that regard would deprive him of his right to recover. When plaintiff started to cross the street, he saw the south-bound car coming and the north-bound car standing on the loop at the terminal. The evidence seems to show that the second car was some 100 feet away. Then plaintiff reached the second rail and waited eight seconds, with his attention induced to the south-bound car that immediately confronted him. The result of the charge is that, if the car, in the first instance stationary on the loop, started and traveled the 100 feet and without signal and at rapid speed approached the plaintiff in that environment, and he was not attentive to its approach, his failure was per se negligent, and beyond justification by the jury.

794 156 NEW YORK SUPPLEMENT (Sup. Ct.

At the place in question the street is largely appropriated to railway tracks and intermingled crossovers. At the time, about 5 p. m., the street approximated its maximum use by vehicles and pedestrians. The plaintiff went on a free track for the use of which there was in sight a single car, which was at a standstill at the terminal. The plaintiff gained the far rail and was in such possession of it, and was so beset at the time that the defendant had no paramount right to take instant precedence of him, and yet its car came forward with such menace to his safety that he instinctively thrust himself into a space where he was hemmed in by the encroaching car on one hand and the approaching car in front of him, which was the cause of his arrested progress. But the plaintiff is, by the ruling, made the responsible cause of his disaster because he did not, for eight seconds, watch lest the standing car had started up and moved upon him and by its dangerous and negligent imminence threatened to run him down or to throw him from the track, which he had first gained and where he had the right to be for a reasonable time pending the clearance of his way. Had he watched the north-bound car with undiverted attention so that he knew of its approach, he had a right, probably a qualified right, to stay where he was, while defendant's duty was to abate its speed or to come to rest to avoid him. Of course, if the defendant disregarded his right and its duty, he would be obliged to use reasonable effort to escape the effect of its wrongdoing. But plaintiff was not obliged to watch for such obliquity. It is a matter of much moment in considering what, as a matter of law, plaintiff should or should not have done, to consider that he was in a public street, and that he had a right to be where he was, and that he could expect the defendant to respect that right, and that he was kept to the spot by the other car. The plaintiff had the right; the defendant had the might, and used it. It was a mere unlawful aggression, which for eight seconds the plaintiff, exercising a clear right in a position where defendant detained him, failed to suspect or to discover. What is here said is upon the assumption of the truth of plaintiff's testimony, which the jury could reject or approve.

For the error in the charge, the judgment and order should be reversed, and a new trial granted, costs to abide the event. All concur.